# AMERICAN LIABILITY & SURETY CO v HORNICK

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 30, 1934

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

James G. Hartwell, Youngstown, for defendant in error.

**OPINION**

By LYNCH, J.

There is a conflict in the evidence as to

whether plaintiff represented to Sabel, the agent of the defendant, that the automobile was a new one, and as to what, if any, representations were made to said agent as to what the cost of said automobile was to the plaintiff.

In so far as the alleged representations are concerned, with respect to whether the automobile was a new one or second hand one, we observe from an examination of the policy itself that it was written therein that the same was a 1929 model, which, of course, would not be a new one. We find also from an examination of the policy that it is stated therein that the "factory list price" is $1780.00. Plaintiff and his daughter both testified, as shown by the record, that the former did not state to Sabel, the agent, that the automobile was a new one, but did state that the same was a used automobile. Both of said witnesses also testified that the bill of sale for said automobile, which was written on a blank form used for the transfer of a used automobile, was delivered to Sabel, the agent, fully examined by him, and that said agent obtained the necessary information to enable him to issue said policy direct from said bill of sale. The record further shows that plaintiff testified that Sabel, the agent, went with him to his garage, and that Sabel got in said automobile and carefully examined the same. Mr. Sabel, the agent, denies much of the testimony as given by plaintiff and his said daughter. With the evidence in the record we could not find, and do not find, that the jury was not justified and warranted in finding that said defense was not proven.

Coming now to the second affirmative defense of the defendant, which is that the automobile involved was not free and clear of incumbrances, we learn from the oral argument and the record that this defense was also submitted by the trial judge to the jury, and the verdict now challenged so far as this defense is concerned, means, of course, that the jury failed to find in favor of the defendant, with respect to the same. In our opinion, to reach a proper conclusion as to the second defense, it becomes necessary to first ascertain what the law in our state is with respect thereto, and secondly, to determine whether there is sufficient evidence to warrant the finding of the jury in the premises.

The principle underlying our insurance law, the statutory law and the pronouncements of our court of last resort were fully discussed by counsel in their oral arguments, and as well in the written briefs. Much has been said relative to the provis-

ion heretofore quoted in full from the answer of the defendant as to the policy being made and accepted subject to the provisions, exclusions, conditions and warranties set forth therein or endorsed thereon, and that no officer, agent or representative of the defendant shall have any power to waive any of the terms of the same unless a waiver be signed by the general manager or secretary of defendant and attached to the policy, being the last paragraph quoted from the answer with respect to the provisions of the policy. In our judgment, in so far as that particular provision of the policy is concerned, §9586 GC is a part of the policy itself. Said section reads as follows:

"Solicitor, agent of company. A person who solicits insurance and procures the application therefor, shall be held to be the agent of the party, company or association, thereafter issuing a policy upon such application or a renewal thereof, anything in the application or the policy to the contrary notwithstanding."

In the same connection it is our opinion that whatever knowledge the agent Sabel had or obtained at the time he procured the application for the policy from plaintiff with respect to the chattel mortgage complained of, as a matter of law is and must be held to be the knowledge of the defendant itself.

Counsel for defendant, in so far as the chattel mortgage is concerned, strongly rely upon the case of **Farmers Insurance Company v Titus, 82 Oh St, 161.** If the opinion in that case stood alone we would be constrained to hold that under the provisions of the policy in this case knowledge on the part of the agent of the chattel mortgage at the time the application was procured would not constitute a waiver on the part of the defendant. It does not stand alone. In the case of **Michigan Automobile Insurance Company v Van Buskirk, 115 Oh St, 598,** a policy was issued insuring an automobile against loss or damage arising from collision. It contained a provision that the policy should be void if the automobile be incumbered by any lien or mortgage without the assured having given immediate written notice of such incumbrance. In that case at the time the policy was issued there was an existing chattel mortgage on the automobile, but readily distinguishes itself from the instant case by reason of the fact that neither the company nor its agent knew of the existence of the same. This case is likewise

cited, discussed and relied upon by the defendant. The opinion in this case was by Jones, J., and we read a part of the opinion, commencing on page 605:

"There is no doubt that in the Ohio cases cited this court has been definitely committed to that principle, unless it has been modified by the rule announced by a majority of this court in **Foster v Scottish Union & National Ins. Company, 101 Oh St, 180; 127 NE, 865.** I did not concur in the judgment in the latter case for the reason that I conceived the case should have been decided upon the authority of Insurance Company v Titus, supra. However, the instant case may be easily distinguished from the Foster case, supra. In the Foster case the facts concerning the title to the property were within the knowledge of the agent. Here it is conceded that they were not. The doctrine of estoppel or waiver is usually applied to a party, who, with knowledge of certain facts, acts to the prejudice of the other. The generally accepted definition of waiver is 'intentional relinquishment of a known right.' 27 Ruling Case Law, 904-908; Bennecke v Connecticut Mutual Life Insurance Company, 105 U. S. 355, 26 L. Ed. 990. It would be an anomalous principle were we to hold that a party could be deemed to have waived material facts, the existence of which he did not know."

**Foster v Scottish Union & National Insurance Company, 101 Oh St, 180,** being subsequent to the Titus case, supra, controls, with respect to the defense now under consideration. We quote the syllabus therein, reading as follows:

"1. The knowledge of the agent of a fire insurance company as to the title by which property is held, with respect to which property the agent acting within the scope of his apparent authority procures the issuance of a policy of fire insurance, is imputed to his principal, and is in law the knowledge of such principal.

2. An insurance company is deemed to know matters pertinent to the insurability of property upon which it issues a policy of fire insurance, when such matters were in fact known to its agent at the time the latter procured the insurance.

3. As to such matters so known to such agent, the insurance company is deemed to have knowledge, notwithstanding a clause in the policy provides that 'no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except * * * by agreement endorsed hereon or added hereto.'

4. A policy of fire insurance stipulating that it should be void, 'unless otherwise provided by agreement endorsed hereon or added hereto, * * * if the subject of insurance be a building on ground not owned by the insured in fee simple,' is a valid obligation of the company issuing it, where the agent who caused the policy to be issued without endorsement, had knowledge that the insured's title to the buildings covered was a leasehold estate only, and the insured was in fact ignorant of such provision in the policy until after a loss had occurred.

5. A provision in a policy of fire insurance that the policy 'shall be void if any change * * * take place in the interest, title or possession of the subject of insurance whether by legal process or otherwise,' is not breached by the mere appointment of a receiver to collect rents pendente lite in an action to declare a forfeiture of the leasehold interest of the insured, where such receiver is not, and the insured is, in actual physical possession of the property insured."

Without reading from the opinion itself, we call attention to the language of the court in discussing the Titus case, supra. If Sabel, the agent, at the time he procured the application for the policy here involved, knew or learned or was told that the same was encumbered by a chattel mortgage, the existence of the same would not render the policy null and void, and would not be a defense to this action. The verdict of the jury means that it found from the evidence that the agent at said time either had or obtained such knowledge. We can not, and do not, say that the finding of the jury with respect to this defense was manifestly against the evidence, nor do we find or say that the verdict of the jury was manifestly against the evidence upon any of the issues involved.

This leaves for our consideration and determination the additional assignment of error made by defendant, to the effect that the court erred in its charge to the jury. The claim is made in the brief of defendant, that the court in the charge, pages 122-123 of the record, used language in instructing the jury with respect to its affirmative defenses that misled the jury as to the matter of waiver pleaded in the reply of the plaintiff. Of course it was incumbent upon the plaintiff to prove waiver

by the greater weight of the evidence. We have carefully read that particular part of the general charge, and in our judgment the language used would not mislead the jury in the respect claimed.

On page 122 of the record defendant claims that the instruction of the court with respect to the procuring of the application by its agent, the preparing of the same, the valuation placed therein, and as to inspecting the automobile, was misleading. We have also examined this part of the charge and find no prejudicial error therein. If defendant desired further instructions with respect to any of these matters it was incumbent upon it to call such fact to the attention of the court, and request that additional instructions be given.

In the charge, page 124, the court gave the following instruction:

"Now, Ladies and Gentlemen, the upshot of this whole matter is, if in examining this evidence you find by the greater weight of the evidence that there was either concealment or misrepresentation of a material fact surrounding the car which was the subject of the insurance with respect to its being a new car, or with respect to its cost to the plaintiff, which representations or concealments were false and which induced the defendant to issue its policy, or if you find by the greater weight of the evidence that at the time of the issuance of this policy there was not unconditional or sole ownership on the part of the plaintiff, and that such lack of sole and unconditional ownership was not waived by the defendant company, then in either event, or in the event you find both of these matters as the defendant claims there would be no liability on the part of this insurance company and your verdict would be for the defendant. If you do not so find as to either or both of these defenses by the greater weight of the evidence, then your verdict would be for the plaintiff, and if for the plaintiff it would be in such amount as would represent the actual cash value of the car at the time the loss or damage occurred."

As will be observed, the court stated, in substance, to the jury, and in our judgment properly so, that if it found by the greater weight of the evidence that there was either concealment or misrepresentation of a material fact surrounding the automobile which is the subject of the insurance with respect to its being a new automobile, or with respect to its cost to the plaintiff, which representations or concealments were false and induced the defendant to issue its policy, or if you find by the greater weight of the evidence that at the time of the issuance of the policy there was not unconditional or sole ownership on the part of the plaintiff, and that such lack of sole and unconditional ownership was not waived by the defendant, then in either event, or in the event you find both of these matters as defendant claims there would be no liability on the part of the defendant and the verdict would be for it. We observe that at this point the instruction ends with a period. Immediately after said period the court instructed the jury as follows:

"If you do not so find as to either or both of these defenses by the greater weight of the evidence, then your verdict will be for the plaintiff. * * *"

In the opinion of the majority of this court in the last quoted instruction the trial court stated to the jury if it failed to find by the greater weight of the evidence that there was misrepresentation or concealment with respect to the automobile being a new one, and with respect to its cost, plaintiff would be entitled to a verdict, and further the court stated to the jury that if it failed to find that there was not unconditional or sole ownership on the part of the plaintiff, and that such lack of sole and unconditional ownership was not waived by the defendant company, plaintiff would be entitled to a verdict in his favor. In other words, the court instructed the jury that a failure on the part of the defendant to prove **one** only of its affirmative defenses would entitle plaintiff to a verdict in his favor.

For the reason that said instruction last quoted is erroneous and prejudicial, the judgment of the Court of Common Pleas is reversed, and this cause is remanded for further proceedings according to law.

Judgment reversed.

FARR, J, concurs.
ROBERTS, J, dissents.